# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT POLICARO, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 09-1039 |
| ) | |
| v. ) | Judge Ambrose |
| ) | Magistrate Judge Bissoon |
| EATON CORPORATION, ) | |
| ) | |
| Defendant. ) | |

## **MEMORANDUM ORDER**

On September 14, 2009, this case was referred to United States Magistrate Judge Cathy Bissoon for pretrial proceedings in accordance with the Magistrates Act, 28 U.S.C. §§ 636(b)(1)(A) and (B), and Rules 72.C and 72.D of the Local Rules for Magistrates.

On June 25, 2010, the Magistrate Judge issued a Report (Doc. 31) recommending that Defendant's Motion for Summary Judgment (Doc. 22) be denied, that Plaintiff's Motion for Summary Judgment (Doc. 24) be granted, and that the parties be ordered to appear before the Magistrate Judge for a conference to discuss the judgment amount to be entered in favor of Plaintiff. Service of the Report and Recommendation was made, and the parties filed Objections on July 9, 2010. *See* Docs. 32 & 33.

The parties' Objections are OVERRULED. Defendant's Objections fail to meaningfully address the magistrate judge's analyses regarding the meaning of "objective findings," as specifically defined in the Plan. *See* Doc. 32. Otherwise, Defendant's arguments are rejected, explicitly or implicitly, through the Magistrate Judge's Report, which is adopted as the opinion of the District Court.

Plaintiff's Objections request that the Court reconsider the issue of attorneys' fees, in light of the recent Supreme Court decision in Hardt v. Reliance Standard Life Ins. Co., -- U.S. --, 130 S. Ct. 2149 (May 24, 2010). Hardt establishes that, as a threshold matter, an ERISA fee claimant must achieve "some degree of success on the merits,"[1] an issue implicitly resolved in Plaintiff's favor through the Magistrate Judge's Report. *See generally* R&R at 3-10. The undersigned joins the Court of Appeals for the Ninth Circuit in concluding that the traditional five-factor test, as applied by the Magistrate Judge in this case, retains vitality under the law. *See* Simonia at *2-3 (quoting passage of Hardt expressly declining to foreclose consideration of five-factor test, and concluding that "[those] factors provide a helpful guideline to both district courts and litigants"). Plaintiff's request to revisit the issue of attorneys' fees is, therefore, denied.

For the reasons stated above, and after a *de novo* review of the pleadings and documents in the case, together with the Report and Recommendation and the Objections thereto, the following Order is entered:

Defendant's Motion for Summary Judgment (**Doc. 22**) is **DENIED**; Plaintiff's Motion for Summary Judgment (**Doc. 24**) is **GRANTED**; the Report and Recommendation of Magistrate Judge Bissoon is adopted as the opinion of the District Court, as supplemented herein; and the Magistrate Judge shall issue an order scheduling before her a conference as contemplated in the Report.

---

[1] *See* Simonia v. Glendale Nissan/Infiniti Disability Plan, -- F.3d --, 2010 WL 2521036, *1 (9th Cir. Jun. 24, 2010) (quoting Hardt).

IT IS SO ORDERED.

July 26, 2010                           s\Donetta W. Ambrose
                                        Donetta W. Ambrose
                                        United States District Judge

cc (via CM/ECF email notification):

All Counsel of Record